## Local Air Raid Drills

ADAMS, Deputy Attorney General, February 8, 1944.—This department is in receipt of your request for an opinion regarding the authority of the State Council of Defense in a situation where a local council of defense announces its determination not to participate in mobilization tests, and not to blow sirens when the Army calls an air-raid drill or blackout. You set forth three questions. We shall discuss the first and second questions together, as they are so closely related. These questions are:

1. What authority has the State Council of Defense under the Act of 1941 to require a local council of defense to comply with the act and regulations and rules promulgated thereunder?

2. What recourse has the State Council of Defense where a local council orders its people not to obey practice tests when sounded by sirens or when ordered by the Army?

The Act of March 19, 1941, P. L. 6, as amended by the Act of May 21, 1943, P. L. 394, 71 PS §1681, known as the "State Council of Defense Act", authorizes the Governor in time of emergency or public need to create, by proclamation, a State Council of Defense for the general purpose of assisting in coördination of State and local activities related to State and National defense. Pursuant to such authority the State Council of Defense was established on April 7, 1941, by proclamation of former Governor James.

Section 4 of said act, which sets forth the powers and duties of the State Council of Defense, reads in part as follows:

"Section 4. Powers and Duties.—The council shall have the following powers and duties: . . .

"(g) To require and direct the coöperation and assistance of State and local governmental agencies and officials. . . .

"(k) To coöperate with agencies established by or pursuant to laws of the United States, and of the several states, to promote civilian protection and the war effort, and to coöperate with and coördinate the work and activities of all local councils of the State. . . .

"(m) To adopt, promulgate and enforce rules and orders not inconsistent with rules or orders of the United States Army or Navy, or of the Federal Office of Civilan Defense, with respect to the organization, recruiting, training, maintenance and operation of aircraft warning services, observation and listening posts, information and control centers, and such other services and facilities as may be necessary for the prompt reception and transmission of air raid warnings and signals."

Section 6 of said act provides for the establishment of local councils of defense and reads:

"Section 6. Local Councils of Defense.—Each political subdivision of the Commonwealth may establish a local council of defense by the proclamation of the executive officers or governing body thereof. Local councils of defense, if and when established, shall coöperate with and assist the council and shall perform such services as may be requested by it. . . .

"*It shall be the duty of every local council of defense to execute and enforce such rules and orders as the State Council of Defense shall adopt and promulgate under the authority of this act.* Each local council of defense shall have available for inspection at its office all rules and orders adopted by the State Council of Defense." (Italics supplied.)

Section 8 of the act provides for penalties, and reads as follows:

"Section 8. Penalties.—Any person violating any of the rules and orders adopted and promulgated under section four by the State Council of Defense, shall upon conviction thereof in a summary proceeding, be sentenced to pay a fine not exceeding fifty ($50) dollars or imprisonment not exceeding thirty (30) days or both for the first offense, and a fine not exceeding two hundred ($200) dollars or imprisonment not exceeding ninety (90) days or both for each subsequent offense."

The Act of April 13, 1942, P. L. 37, as amended by the Act of May 6, 1943, P. L. 170, 35 PS §2001, is known as the "Air Raid Precautions Act", and section 3 of this act reads in part as follows:

"Section 3. (a) The State Council of Defense shall during the continuance of the existing state of war between the United States and any foreign country have the power and its duty shall be to take such precautionary measures as may be necessary for the safety, defense and protection of the civilian population of the Commonwealth and property within the Commonwealth with respect to air raids. In furtherance of this power and duty the State Council of Defense shall have power to adopt, promulgate and enforce rules, regulations and orders for this purpose. The State Council of Defense shall cause such rules, regulations and orders to be published and disseminated in the Commonwealth in such manner and to such extent as it shall deem necessary and advisable. Such rules, regulations and orders adopted by the State Council of Defense shall have the same force as if they formed a part of this act. Subject to the provisions of this act, and without limiting the general power conferred above, the State Council of Defense shall have the power and its duty shall be to make rules, regulations and orders regarding:

"(1) The organization, recruiting, training, maintenance and operation of aircraft warning services, observation and listening posts, information and control centers, including the location thereof, and such other services and facilities as may be necessary for the prompt reception and transmission of air raid warnings and drills;

"(2) The formulation and execution of plans for the carrying out of practice blackouts, air raid drills and warnings and of all precautionary measures under actual conditions of hostile air raids or enemy attack;

"(3) The organization, recruiting, training, conduct and duties and powers of volunteer agencies."

Section 4 of the act reads in part as follows:

"Section 4. *It shall be the duty of every local and District Council of Defense to execute and enforce such plans, rules, regulations and orders as the State Council of Defense shall adopt and promulgate.*" (Italics supplied.)

Section 9 of the act provides for penalties for violation of the act and rules promulgated thereunder, and reads as follows:

"Section 9. Any person violating any of the provisions of this act or any of the rules, regulations and orders adopted and promulgated under this act by the State Council of Defense or any local or district Council of Defense, or who shall fail to comply with any instructions lawfully given by any member of a municipal or volunteer agency or any person who shall without authority wear or display any official insignia authorized by the State Council of Defense or a local or district Council of Defense for use by members of any municipal or volunteer agency shall, upon conviction thereof in a summary proceeding, be sentenced to pay a fine of not exceeding two hundred dollars ($200), or imprisonment not exceeding ninety (90) days, or

both. All fines recovered under the provisions of this section shall be paid to the treasurer of the municipality or township in which the offense was committed for the use of such municipality or township."

Pursuant to the authority set forth in the Air Raid Precautions Act, rules and regulations for the safety, defense, and protection of the civilian population and property with respect to air raids have been adopted and duly promulgated. These rules and regulations place certain duties and responsibilities upon local councils of defense. It is these duties and responsibilities which a local council of defense has advised you it will refuse to discharge in the future. As this local council of defense was created by a political subdivision, your first effort should be a request to the executive authority of the political subdivision either to prevail upon the local council of defense to comply with the rules and regulations or to dismiss those responsible for the refusal and appoint others who will comply with said rules and regulations.

The duty of enforcing the rules and regulations of the State Council of Defense is ministerial and not discretionary, and you have the right to ask for a writ of mandamus to compel the members of the local council of defense, who refuse to coöperate, to comply with the rules and regulations of the State Council of Defense.

Under date of January 27, 1943, Milton A. Reckord, Major General of the United States Army, Commanding the Third Service Command, promulgated Air Raid Protection Regulations No. 1, and served notice to the people within the States of Pennsylvania, Maryland, and Virginia that said Air Raid Protection Regulations No. 1 were pursuant to an order of Lieutenant General Hugh A. Drum, Commanding General, Eastern Defense Command and First Army, and that enforcement of said regulations was under his direction and control. These Air Raid Protection Regulations

No. 1 are identical with the rules and regulations issued by the State Council of Defense. In fact, they were issued by the State Council of Defense upon the request of Major General Reckord, who desired that the enforcement of such rules and regulations should be undertaken by the several States, rather than through his office.

However, this does not mean that the Army relinquished its right to enforce the rules and regulations; and the Army may, under section 11 of said Air Raid Protection Regulations No. 1, enforce such rules and regulations. We are quoting below paragraphs 47 and 48 of said section:

"47. Any person who violates any regulation contained herein is subject to the penalties provided by Title 18, Section 97A, United States Code, and to immediate exclusion from the Eastern Military Area by the Commanding General, Eastern Defense Command and First Army. In addition, if two or more persons conspire to violate said section 97A, United States Code, and one or more persons do any act to effect the object of such conspiracy, each of said parties will be subject to the penalties provided by Title 18, Section 88, United States Code. In the case of an alien enemy, such person will, in addition, be subject to immediate apprehension and internment.

"48. The Third Regional Office of the Office of Civilian Defense and civilian defense authorities within the states of Pennsylvania, Maryland, and Virginia, with their consent, are designated as the principal agencies to assist in the enforcement of these regulations."

It is obvious, therefore, that the local council of defense in failing to comply with the orders of the State Council of Defense is also violating the orders of the Third Service Command of the United States Army, and the violation is made greater by its directing others to disobey these orders. The local council is, by direct-

ing others to disobey the orders, placing all those who fail to comply with them in a position for prosecution by the State Council of Defense and the United States Army. You therefore have not only the remedies above outlined, but may also refer the matter to the Third Service Command of the United States Army for appropriate action under Federal law.

Your third question reads as follows:

3. May any citizen bring an action before a magistrate for violation of the Air Raid Precautions Act by orders of a council and can its officers be prosecuted.

Under the sections of the respective acts above quoted, any citizen may bring an action before a justice of the peace, alderman, or magistrate for violation of the Air Raid Precautions Act.

We are therefore of the opinion and you are accordingly advised that:

1. Request should be made to the executive authority of the political subdivision appointing the local council of defense to dismiss those responsible for the refusal and appoint others who will comply with said rules and regulations.

2. You may ask the courts for a writ of mandamus to compel the members of the local council of defense to comply with the rules and regulations of the State Council of Defense; or you may refer the matter to the Third Service Command of the United States Army for appropriate action under the Federal law.

3. Any citizen may bring an action before a justice of the peace, alderman, or magistrate for a violation of the Air Raid Precautions Act.